## Alvarado v 677 Eleventh Ave. Realty, LLC

2023 NY Slip Op 34568(U)

December 27, 2023

Supreme Court, Kings County

Docket Number: Index No. 503480/2021

Judge: Debra Silber

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS : PART 9**
──────────────────────────────────────────────X

ISRAEL SACA ALVARADO,

**DECISION/ORDER**

                              **Plaintiff,**

**Index No. 503480/2021**

      **-against-**

**Motion Seq. No. 003**

**677 ELEVENTH AVENUE REALTY, LLC,**
**660 12TH AVENUE CONDOMINIUM,**
**MANHATTAN LUXURY AUTOMOBILES, INC. aka**
**and/or dba "LEXUS OF MANHATTAN" and/or "SCION**
**OF MANHATTAN,"**
**BAY RIDGE AUTO GROUP, LLC,**
**PACE ENGINEERING P.C.,**
**REDCOM DESIGN & CONSTRUCTION CORP. aka**
**and/or "REDCOM CM, INC." and**
**CONSOLIDATED SCAFFOLD & BRIDGE INC.,**

                              **Defendants.**
---------------------------------------------------------------------X
**677 ELEVENTH AVENUE REALTY, LLC,**
**REDCOM DESIGN & CONSTRUCTION CORP. aka**
**and/or "REDCOM CM, INC.",**

                        **Third-Party-Plaintiffs,**

      **-against-**

**MBARETE CONTRACTING CORP. and**
**CR SAFETY CONSTRUCTION & REALTY SAFETY**
**GROUP INC.,**

                        **Third-Party-Defendants.**
──────────────────────────────────────────────X

*Recitation, as required by CPLR 2219(a), of the papers considered in the review of third-party defendant CR Safety Construction & Realty Safety Group Inc.'s motion to dismiss the third-party complaint*

| Papers | NYSCEF Doc. |
|---|---|
| Notice of Motion, Affirmations, Affidavits, and Exhibits Annexed………. | 66-72 |
| Affirmation in Opposition, Affidavits, and Exhibits Annexed.................... | 74-76, 89-91 |
| Reply Affirmation................................................................................... | 92 |

**Upon the foregoing cited papers, the Decision/Order on this application is as follows:**

This is a Labor Law action commenced by plaintiff on February 11, 2021. His accident took place on December 28, 2020 at a construction site located at 677 Eleventh Avenue a/k/a 660 Twelfth Avenue, New York, NY. A new four-story car showroom was in the process of being built. Plaintiff was employed by third-party defendant Mbarette Contracting Corp. He alleges he fell from a scaffold and sustained serious injuries. The third-party action was commenced on February 23, 2023. Movant CR Safety[1] was served with the summons and complaint by service at their offices on March 16, 2023 [Doc 63]. This pre-answer motion was filed on April 4, 2023.

In motion sequence #3, third-party defendant CR Safety moves, pre-answer, to dismiss the third-party complaint against it, pursuant to CPLR §3211(a)(1) and (7), along with the cross-claims and counterclaims which have been asserted against it. These are the CPLR sections indicated in the affirmation in support. Apparently, the notice of motion is incorrect [it says the motion is brought pursuant to CPLR §3211(a)(1), (4), (5), and (10)]. After oral argument held on October 5, 2023, the motion is denied in its entirety.

The third-party complaint [Doc 55] asserts claims against CR Safety for negligence (Count VI), contribution (Count VII), common law indemnification (Count VIII), breach of contract to obtain insurance (Count IX), and contractual indemnification (Count X). The third-party plaintiffs are the property owner 677 ELEVENTH AVENUE REALTY, LLC (hereafter "677 Eleventh") and the general contractor, REDCOM DESIGN &

---

[1] The parties agreed at oral argument that the correct name of the third-party defendant (movant) is Construction Realty Safety Group Inc. d/b/a CR Safety, and that the caption should be amended accordingly.

[* 2]

CONSTRUCTION CORP. aka and/or "REDCOM CM, INC. (hereafter "Redcom"). The third-party complaint, as relevant to movant, avers that Redcom contracted with CR Safety on or about August 11, 2015. A copy of the contract, the complaint states, is annexed to the third-party complaint as Exhibit C. It is alleged in the complaint that the contract provides in Paragraph 11 that CR Safety shall defend and indemnify the third-party plaintiffs.

Redcom CM Inc. is a corporation organized in Delaware and authorized to do business in NY, according to the NYS Dept. of State's website. It has no prior names, and no assumed names. There is nothing on the NY website with regard to the other Redcom entity, Redcom Design & Construction. The answer states that it is filed on behalf of Redcom CM Inc., "incorrectly sued as Redcom Design & Construction Corp. aka and/or dba Redcom CM, Inc." Thus, only Redcom CM Inc. has answered the complaint. It is not known if plaintiff was intending to sue two corporations or one. To make matters more confusing, Redcom Design & Construction LLC (not Corp.) is a limited liability company organized in New Jersey, according to the NJ website:

https://www.njportal.com/DOR/BusinessNameSearch/Search/BusinessName.

The general contractor, according to the NYC Dept. of Buildings' on-line "virtual job folder", was Redcom Design & Construction, an entity with a New Jersey address that has not been served and has not answered the complaint. This is the entity that would have had the insurance, one would think. But the insurance certificate filed with the NYC Dept of Buildings states that Redcom CM Inc. is the insured, and the submittal form is signed by John Malabre, who also signed documents filed with the Buildings Dept. for Redcom Design & Construction.

[* 3]

Doc 56 indicates that Redcom CM Inc. was the construction manager hired by the owner. Doc 58 is a proposal sent to Redcom CM Inc. by CR Safety. It is clear that Redcom Design & Construction is a different entity than Redcom CM Inc. One is a New Jersey LLC, and one is a Delaware corporation authorized to do business in NY. To the extent that counsel for Redcom CM Inc. thinks that he is answering the complaint and asserting third-party claims on behalf of Redcom Design & Construction, LLC in addition to Redcom CM Inc., he is incorrect. Those papers all need to be corrected, as does the caption. None of these issues relate to the instant motion, however. The court will proceed under the assumption that counsel for Redcom, who is also the attorney for the property owner, thinks he represents one entity, and that the caption is incorrect. As it appears that John Malabre is the principal of both entities, one can only hope that counsel is going to amend whatever has to be amended so it is clear that he represents both entities. When a complaint says "and/or" it means that there might be two entities. Here, it seems there are in fact two entities.

Movant's counsel argues in the affirmation in support of the motion that the third-party complaint should be dismissed pursuant to CPLR §3211(a) (1) [documentary evidence] and (7) [failing to state a cause of action]. In her affirmation in support, counsel states that regardless of the applicable statute of limitations, the contract provides for a one-year statute of limitations, and as such, this action is barred. This argument for dismissal may also be viewed as being based upon CPLR §3211(a)(5) [statute of limitations], which section is listed in the notice of motion. More specifically, movant claims that the statute of limitations to be imposed is not the period set forth in the CPLR, but a shortened statute provided for in the written contract between the parties.

[* 4]

Movant's counsel also avers that the complaint should be dismissed for failing to state a claim for which relief may be granted. Specifically, defendant's counsel argues that CPLR §3211(a)(7) applies because the contract's time bar means the third-party complaint fails to state a cognizable cause of action. Thus, in her analysis, this branch of the motion, under CPLR §3211(a)(7), is also based on the statute of limitations in the contract.

Movant also provides an affidavit from the principal of CR Safety, Matthew Caruso. He puts forth an explanation that has nothing to do with the statute of limitations, and states:

> CR Safety was contracted by Redcom, to perform site safety services pursuant to the New York City Building Code. On or about August 11, 2015 a proposal for these services was sent by CR Safety to Tim Grom of Redcom, a copy of which is annexed hereto as Exhibit A (the "Proposal'"). The Proposal incorporated not only the rate sheet for the services, but also CR Safety's terms and conditions. This Proposal is relied upon by Third-Party Plaintiff in this action. See Third-Party Complaint Exhibit C. Pursuant to the Proposal, CR Safety's sole responsibility on this jobsite was to Provide a Licensed Site Safety Manager for this project for the purposes of identifying hazards, and non-compliant conditions that violate the standards of OSHA CFR 926, Chapter 33 of the New York City Building Code and FDNY rules and regulations. These inspections will involve visual observations, photographs, and a written narrative report that will be delivered within one business day. CR Safety provided these reports in the form of daily Site Safety Logs. A sampling of the Site Safety Logs are annexed hereto.

Exhibit B to Mr. Caruso's affidavit is a cover letter to Redcom CM Inc., dated 8/11/15, transmitting a proposal. It has signature lines for Mr. Caruso, and for "client" but is not signed by anyone. It is identical to Document 58 annexed to the third-party complaint. That document is not signed by anyone either.

The provision in the "contract" states, in its entirety, as follows:

[* 5]

9. LIMITATION OF LIABILITY –

a) CRSG[2] and the Client have discussed the risks, rewards and benefits of the project and the services to be provided by CRSG and the fees charged for such services. CRSG and Client acknowledge that the benefits vary disproportionately between them and the risks have been allocated such that the Client agrees that CRSG's liability, if any, for damages resulting from a breach of contract, breach of warranty, strict product liability, error, omission, or other professional negligence will be limited to an amount equal to the lesser of $25,000 or CRSG's fee.

b) Client agrees and acknowledges that CRSG is not responsible for correcting any unsafe conditions or building violations and that CRSG's sole liability for damages, if any, will be limited as stated in paragraph 9 (a) above. CRSG, its agents and employees, shall not be liable for any loss of profits or any claim or demand against Client by any other party. In no event shall CRSG be liable for special, consequential, or exemplary damages. In no event shall CRSG be liable for any delay damages. This provision shall supersede any other provision in this Agreement that may be deemed inconsistent with it. No action, regardless of form, arising out of the service under this Agreement may be brought by the Client more than one (1) year after the act or omission giving rise to a cause of action has occurred."

Counsel for the third-party plaintiffs opposes the motion [Doc 74] and essentially argues that the motion is premature as discovery has barely started, and states that "[t]he documents submitted by CR Safety in support of its pre-answer motion fail to resolve all factual and legal issues as a matter of law, including, but not limited to, the date upon which Third-Party Plaintiffs' claims against CR Safety accrue, the extent of CR Safety's common-law duties to Third-Party Plaintiffs and Plaintiff, as well as CR Safety's contractual requirement to defend, indemnify and hold harmless Third-Party Plaintiffs" [Doc 74 ¶5]. He continues "In support of the motion, CR Safety submitted a 'Proposal' for site safety management services, as well as its general terms and conditions. There has been no discovery conducted as to whether the Proposal evolved into, or became a part

---

[2] CR Safety

[* 6]

of, the full agreement entered into by CR Safety and whether these documents constitute the full and complete terms and provisions agreed upon by the parties in connection with CR Safety's work and services at the Project. As discussed below, the submitted documents are inconclusive . . . [and] contractual ambiguities and discrepancies are to be resolved in favor of Third-Party Plaintiffs at the pleadings stage" [*id.* ¶10]. Counsel continues to explain that the plaintiff claims he fell from a defective scaffold, and it was within CR Safety's responsibilities to inspect the scaffolds.

As is specifically addressed to the statute of limitations argument, counsel for the owner and general contractor avers that the statute of limitations for their causes of action against movant do not begin to accrue until they are determined to be responsible, by virtue of either a finding of liability (here, the imposition of vicarious liability by the Labor Law) or by a payment or settlement, and that movant's claim that it begins to accrue on the date of the plaintiff's accident is incorrect. Counsel cites numerous cases for this position. He also asserts that "The clause(s) relied upon by CR Safety are located in a limitation of damages provision pertaining to alleged professional negligence, breach of warranty, strict product liability, error or omission and other professional negligence claims. Thus, there is an issue of fact of whether the time limitations provision in the Contract is even applicable" [*id.* ¶22].

Finally, the third-party plaintiffs assert that their claims are not only based on the contract, but include other causes of action, and that even if the proposal was the only contract and the limited statute of limitations applies, the one-year period has not yet started to run.

Counsel for defendant Consolidated Scaffold & Bridge Inc. also opposes the

[* 7]

motion, claiming it is premature. This defendant has asserted cross-claims against the movant. He wants to depose Mr. Caruso of CR Safety and conduct other discovery.

**Discussion**

The court will ignore for the moment the fact that the movant wants to dismiss the action by enforcing the "contract" and the third-party plaintiffs do not want to enforce it, or at least, not yet. As odd as this is, it has no bearing on the outcome of this motion.

The sole basis for the motion is the claim that the contract, which has not been signed by anyone, is enforceable, and as such, the third-party action is time barred as against CR Safety because the contract contains a one-year statute of limitations. The court finds that the contract is not enforceable without either signatures or testimony ratifying it. Further, even if it the court found it to be enforceable, the provision relied on does not address all of the causes of action in the third-party complaint, and in addition, the only possible interpretation of the one-year clause, which states that it is one year "after the act or omission giving rise to a cause of action has occurred" is that the one year has not started yet. Or at least, not with regard to the cause of action for contractual indemnification. "Indemnification claims generally do not accrue for the purpose of the Statute of Limitations until the party seeking indemnification has made payment to the injured person. This principle stems from the nature of indemnification claims and does not vary according to the breach of duty for which indemnification is sought" (*McDermott v New York*, 50 NY2d 211, 216 [1980]).

If the contract represents a meeting of the minds, it is hard to reconcile the above paragraph 9, which seems to describe the limitation of CR Safety's professional liability exposure to a one-year statute of limitations from the accrual of the cause of action and a

[* 8]

damages cap of $25,000, with the indemnification paragraph in the same document, which states, in relevant part [¶11 Indemnity]:

> "It is further understood and agreed, that to the fullest extent permitted by law, CRSG shall indemnify and hold harmless the Client, Client's consultants, agents and employees, from and against claims, damages, losses, and expenses, including but not limited to attorney's fees, arising out of or resulting from the performance of CRSG's work or provision of services under this Contract, provided that any such claim, damage, loss or expense is attributable to bodily injury or death, or to injury to or destruction of tangible property, only to the extent caused by the negligent acts or omissions of CRSG or anyone employed by CRSG."

Further, the paragraph in between the two clauses quoted above is one called "10. Waiver of Claim." It is not mentioned by any of the attorneys in the motion papers. It states, in its entirety:

> Client agrees that CRSG is not liable to Client for any claims, damages or liabilities arising out of unsafe conditions or building code violations. Client agrees to indemnify, defend, and hold CRSG harmless from any and all claims, suits, losses, liabilities and damages including but not limited to claims, suits, losses, liabilities and damages resulting from personal injury, wrongful death, property damage, contractual damages, federal, state, and local governmental fines and penalties and reasonable attorney's fees arising out of unsafe conditions or building code violations."

The court cannot make heads or tails out of what was intended in this "contract." Luckily, it is not signed and without any testimony to authenticate it, it cannot be enforced. Therefore, third-party CR Safety's motion to dismiss the third-party complaint based on the terms of this contract cannot be granted at this time.

Accordingly, it is **ORDERED** that the motion is denied in its entirety, and movant CR Safety shall answer the third-party complaint within 30 days of service upon its attorneys of this order with notice of entry, which answer shall be served via electronic filing on NYSCEF and shall be deemed served upon filing on all appearing parties. The

[* 9]

only non-appearing party is 660 12th Avenue Condominium, which was not properly named as a party defendant. A condominium is an unincorporated association, and pursuant to General Associations Law § 13, an action against the condominium association should properly "be maintained against the president or treasurer of such an association[.]" At this juncture, if plaintiff wants to include this defendant in the action, plaintiff must move to amend the complaint to correctly name this party, and to obtain time to serve it. Otherwise, this action has been abandoned with regard to this defendant.

It is further **ORDERED** that the caption of the third-party action is amended to reflect the correct name of the third-party defendant CR Safety, as follows:

-----------------------------------------------------------------------**X**
**677 ELEVENTH AVENUE REALTY, LLC,**
**REDCOM DESIGN & CONSTRUCTION CORP.**
**aka and/or "REDCOM CM, INC.",**

                          **Third-Party-Plaintiffs,**
        **-against-**

**MBARETE CONTRACTING CORP. and**
**CONSTRUCTION REALTY SAFETY GROUP INC.**
**d/b/a CR SAFETY,**

                   **Third-Party-Defendants.**
_____**X**

This constitutes the decision and order of the court.

Dated: December 27, 2023

                                **E N T E R :**


                                **Hon. Debra Silber, J.S.C.**

[* 10]

10 of 10